# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN P. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05CV00816 ERW |
| | ) | |
| CITY OF ELLISVILLE, MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of plaintiff Kevin P. Miller for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the

complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff does not specify the type of relief he seeks in this action brought pursuant to 42 U.S.C. § 1983. Liberally construing plaintiff's complaint, the Court finds that the gravamen of plaintiff's complaint is that the City of Ellisville charged him with "failure to follow a reasonable request of a police officer" in violation of his right to due process under the Fifth Amendment. Plaintiff alleges that the request was not "reasonable." Plaintiff also alleges deprivation of his rights and liberties under 42 U.S.C. § 1981[1] and the Ninth Amendment[2].

**Discussion**

A city may be sued directly under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the city's] officers." *Monell v. Dep't of Social Servs.,* 436 U.S.

---

[1] 42 U.S.C. § 1981 provides no independent cause of action for damages against government entities; 42 U.S.C. § 1983 is the exclusive remedy for damage actions against state actors for violations of rights declared in § 1981. *Jett v. Dallas Independent School District,* 491 U.S. 701, 731, 109 S.Ct. 2702, 2721 (1989).

[2] The Ninth Amendment "is simply a rule of construction, applicable to the entire constitution." *Osborn v. U.S.,* 385 U.S. 323, 353, 87 S.Ct. 439, 446 (1966). No independent constitutional protection derives from the Ninth Amendment which may support a § 1983 cause of action. *See, e.g., Schowengerdt v. U.S.,* 944 F.2d 483, 490 (9th Cir.1991) ("ninth amendment argument meritless because that amendment has not been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation.") (citation omitted).

658, 690, 98 S.Ct. 2018 (1978). Under *Monell*, liability also attaches "for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690-91, 98 S.Ct. 2018.

Accordingly, plaintiff's complaint fails to state a claim upon which relief may be granted because liability cannot be imposed on the City of Ellisville absent an allegation that the allegedly unlawful action was taken pursuant to the City's policies or customs. There being no such allegation in the present complaint, plaintiff's § 1983 claim against the City must be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] be **GRANTED**. *See* 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. 4] be **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

So Ordered this 24th Day of August, 2005.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**